IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| CECIL E. HOWELL<br>1966 Cherry Valley Road<br>Newark, OH 43055<br><br>and<br><br>DEBRA L. HOWELL<br>1966 Cherry Valley Road<br>Newark, OH 43055<br><br>Plaintiffs,<br><br>vs.<br><br>GROUPON, INC.<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>and<br><br>FASTBUY INC.<br>200 Docks Corner Road<br>Suite 221 C<br>Dayton, NJ 08810-1649<br><br>and<br><br>STATE OF OHIO, BUREAU OF<br>WORKERS' COMPENSATION<br>c/o Dave Yost, Ohio Attorney General<br>30 E. Broad Street, 14th Floor<br>Columbus, OH 43215<br><br>and<br><br>JOHN DOE CORPORATION<br>Name and address unknown<br><br>Defendants. | CASE NO. _____<br><br>JUDGE _____<br><br>**COMPLAINT**<br>**DECLARATORY JUDGMENT**<br><br>**JURY DEMAND** |

1

Plaintiffs, by and through their counsel, hereby state their causes of action against the Defendants as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Cecil and Debra Howell reside in Ohio.

2. At all times relevant herein, Defendant Groupon, Inc. (hereinafter referred to as "Defendant Groupon") is a corporation and/or other business entity organized under the laws of Delaware and transacts business in Ohio.

3. At all times relevant herein, Defendant Fastbuy Inc. (hereinafter referred to as "Defendant Fastbuy") is a corporation and/or other business entity organized under the laws of New Jersey and/or has its principal place of business in New Jersey and transacts business in the State of Ohio.

4. At all times relevant herein, Defendant State of Ohio, Bureau of Workers' Compensation (hereinafter referred to as "Defendant BWC") is a political entity and/or a political subdivision that is organized under the laws of the State of Ohio and has its principal place of business located in Columbus, Franklin County, Ohio.

5. Defendant John Doe Corporation is or was a business entity whose name Plaintiffs do not know and have been unable to presently ascertain but is or was a business entity that was a manufacturer and/or a supplier of the product that is the subject of this Complaint.

6. Defendant John Doe Corporation, presently unnamed, will in no way be prejudiced in the maintenance of its defense on the merits because of its constructive or actual notice of the institution of this case. Except for the inability of Plaintiffs to discover the name of Defendant John Doe Corporation, this action would be brought against it in its proper, true, and exact name and capacity, and said information will be provided by Plaintiffs when such information becomes fully known to Plaintiffs.

7. Jurisdiction is proper in this Court because the events leading to the causes of action in this matter took place in Ohio and there is not complete diversity of citizenship between the parties as Plaintiffs and Defendant BWC are Ohio residents.

8. Venue is proper in Franklin County, Ohio because Defendant BWC's principal place of business is located in Franklin County, Ohio and the events leading to the causes of action in this matter took place in Ohio.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiffs repeat each and every allegation contained in the preceding paragraphs and incorporate the same herein as though fully set forth.

2

10.  Plaintiff Cecil Howell purchased an aluminum telescoping stretchable ladder (hereinafter referred to as "the ladder") from groupon.com on March 13, 2020.

11.  Unlike an online retailer like Amazon, Plaintiff Cecil Howell's purchase of the ladder on groupon.com was made and/or influenced by an incentive on price provided to him solely by Defendant Groupon.

12.  Upon information and belief, the ladder was manufactured and/or designed and/or supplied by Defendant Fastbuy and/or Defendant John Doe Corporation.

13.  On April 30, 2020, Plaintiff Cecil Howell was seriously injured when the ladder failed and caused him to fall while he was performing a home inspection as part of his job as a home inspector.

14.  Plaintiff Cecil Howell suffered a left Achilles tendon tear, left ankle sprain, and other injuries that required surgery and extensive medical treatment.

## COUNT I – Products Liability Claims Against Defendant Fastbuy and/or Defendant John Doe Corporation

15.  Plaintiffs repeat each and every allegation contained in the preceding paragraphs and incorporate the same herein as though fully set forth.

16.  Upon information and belief, Defendant Fastbuy and/or Defendant John Doe Corporation, at all times relevant herein, was the manufacturer of the ladder Plaintiff Cecil Howell was using at the time he was injured and Defendant Fastbuy and/or Defendant John Doe Corporation was a manufacturer as defined by R.C. § 2307.71.

17.  Defendant Fastbuy and/or Defendant John Doe Corporation defectively designed the ladder which is the subject of this lawsuit pursuant to R.C. § 2307.75.

18.  In addition to or in the alternative, the ladder which is the subject of this lawsuit was defective due to inadequate instructions and/or warnings pursuant to R.C. § 2307.76.

19.  In addition to or in the alternative, the ladder which is the subject of this lawsuit was defective pursuant to R.C. § 2307.77 in that it did not conform, when it left the control of Defendant Fastbuy and/or Defendant John Doe Corporation to representations made by Defendant Fastbuy and/or Defendant John Doe Corporation.

20.  As a direct and proximate result of the tortious conduct of Defendant Fastbuy and/or Defendant John Doe Corporation described above, Plaintiff Cecil Howell suffered serious permanent injuries, incurred medical expenses; incurred lost wages; experienced a loss of his ability to perform his usual activities, disfigurement, pain and suffering; experienced mental anguish; and suffered other losses and damages, both in the past and into the future.

3

## COUNT II – Supplier Liability Claims Against Defendants Groupon, Fastbuy, and John Doe Corporation

21. Plaintiffs repeat each and every allegation contained in the preceding paragraphs and incorporate the same herein as though fully set forth.

22. Defendant Groupon, at all times relevant here, was a "Supplier" of the ladder involved in the incident that is the subject of this action as that term is defined by R.C. § 2307.71.

23. In the event Defendant Fastbuy and/or John Doe Corporation is/are not the manufacturer of the ladder involved in this incident, then alternatively, they are also a "Supplier" of the ladder that is the subject of this action as that term is defined by R. C. § 2307.71.

24. Defendant Groupon and/or Defendant Fastbuy and/or Defendant John Doe Corporation is/are liable pursuant to R.C. § 2307.78(A) and/or (B).

25. As a direct and proximate result of the tortious conduct of Defendant Groupon and/or Defendant Fastbuy and/or Defendant John Doe Corporation described above, Plaintiff Cecil Howell suffered serious permanent injuries, incurred medical expenses; incurred lost wages; experienced a loss of his ability to perform his usual activities, disfigurement, pain and suffering; experienced mental anguish; and suffered other losses and damages, both in the past and into the future.

## COUNT III – Loss of Spousal Consortium Claim

26. Plaintiffs repeat each and every allegation contained in the preceding paragraphs and incorporate the same herein as though fully set forth.

27. At all times relevant herein, Plaintiff Cecil Howell and Debra Howell were husband and wife.

28. As a direct and proximately result of the above-described conduct of the Defendants and the resulting injuries to Plaintiff Cecil Howell, Plaintiffs Debra Howell suffered a loss of spousal consortium, both in the past and into the future.

## COUNT IV – Declaratory Judgment Claim

29. Plaintiffs repeat each and every allegation contained in the preceding paragraphs and incorporate the same herein as though fully set forth.

30. Plaintiff Cecil Howell was in the course and scope of his employment with his employer when he was injured and consequently, was and is entitled to receive workers' compensation benefits.

4

31. Defendant BWC has paid out money to Plaintiff Cecil Howell and/or his medical providers pursuant to a statutory obligation to provide workers' compensation benefits.

32. A dispute and controversy exists between Plaintiff Cecil Howell and Defendant BWC that needs to be decided by the Court concerning whether Defendant BWC is entitled to enforce any subrogation right and/or right to reimbursement and recover any of the money it paid out to Plaintiff Cecil Howell or on his behalf, both in the past or into the future, from Mr. Howell's recovery from the other Defendants in this case.

WHEREFORE, Plaintiffs demand judgment against Defendants Groupon and/or Fastbuy and/or John Doe Corporation, jointly and severally, for compensatory damages in an amount in excess of $25,000, court costs, attorney fees, and any other relief to which they are entitled.

WHEREFORE, Plaintiff Cecil Howell demands that the Court issue an order declaring the rights and obligations of Plaintiff Cecil Howell and Defendant BWC in regard to the enforcement of any subrogation interest or right to reimbursement related to payments made by Defendant BWC to Plaintiff Cecil Howell; payments made on his behalf; any other relief to which Plaintiff Cecil Howell is entitled.

Respectfully submitted,

/s/ R. Craig McLaughlin

_____
R. Craig McLaughlin (0068765)
Elk & Elk Co., Ltd.
6105 Parkland Blvd., Suite 200
Mayfield Heights, OH 44124
Phone: (440) 442-6677
Fax: (440) 442-7944
Email: rmclaughlin@elkandelk.com
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in the within action.

/s/ R. Craig McLaughlin

_____
R. Craig McLaughlin (0068765)