IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CECIL HOWELL, et al.,**

    **Plaintiff,**

v.

**FASTBUY, INC.,** *et al.***,**

    **Defendants.**

Case No. 2:22-cv-2377

Judge Edmund A. Sargus, Jr.

Magistrate Judge Elizabeth P. Deavers

## **OPINION AND ORDER**

This matter is before the Court on the parties' Joint Motion to Remand. (ECF No. 17.) The parties have made little argument and have cited no authority indicating that remand is proper in this case. Although the parties agree to remand, that alone is insufficient. By statute, the Court may not exercise unlimited discretion in remanding a case properly removed to federal court. Given the parties' failure to direct the Court's attention to any defect warranting remand, the Court therefore **DENIES** the joint motion to remand this action to the Franklin County Court of Common Pleas.

### I.     PROCEDURAL HISTORY

Plaintiffs Cecil and Debra Howell filed this action on April 29, 2022, in the Franklin County Court of Common Pleas. (Not. of Removal ¶ 1, ECF No. 1.) Plaintiffs' Complaint, arising from an injury Mr. Howell sustained when he fell off a ladder, brings claims against Defendant Fastbuy, Inc. for products liability, supplier liability, and loss of consortium, as well as a separate claim against Defendant State of Ohio, Bureau of Workers' Compensation ("BWC") seeking a declaratory judgment. (*See generally* Compl., ECF No. 2.)

On June 3, 2022, former Defendant Groupon (*see* Stipulation of Dismissal, ECF No. 7), with Fastbuy's consent, removed this action to the Southern District of Ohio premised upon

diversity jurisdiction. (Not. of Removal ¶ 10, ECF No. 1.) Now, more than eight months after removing this action, and more than seven months after Groupon's dismissal, the parties have filed a joint motion to remand this action to the Franklin County Court of Common Pleas. (ECF No. 17.) In making this motion, the parties simply state: "As Former Defendant Groupon – the Defendant responsible for removing this case – is no longer party to this litigation, and all remaining parties agree to remand, the parties respectfully request that this Honorable Court issue an Order remanding this matter to the state court." (ECF No. 17.) Because the parties have moved for relief jointly, the motion to remand is ripe for review.

## II. LAW & ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. Original jurisdiction under § 1441 primarily comes in two flavors: where there is diversity of citizenship between the parties or when the complaint presents a federal question. *See* 28 U.S.C. §§ 1331, 1332.

Jurisdiction based on diversity of citizenship between the parties, which provided the basis for removal in the case at bar, exists when there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Once an action is removed to federal court, the Court's discretion concerning remand is governed by 28 U.S.C. § 1447(c). This statute provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

Here, former Defendant Groupon, *with Fastbuy's consent*, made a tactical decision more than eight months ago to remove this action to federal court based on diversity jurisdiction. Now,

for reasons unknown to the Court, Fastbuy appears to have changed its mind about its preferred forum. That the parties have consented to remand, standing alone, is not enough to grant the pending motion; remand must be proper under § 1447(c). Section 1447(c) allows for "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction" within 30 days after filing notice of removal. Not only have the parties failed to remand within 30 days of removal, they also have failed to identify any defect or cite to any authority that justifies remand.

In addition, the parties do not suggest that removal was improper or that the Court lacks subject matter jurisdiction. Upon review of the Notice of Removal and the underlying Complaint, both requirements for diversity jurisdiction appear satisfied: (1) complete diversity exists between the parties (Plaintiffs are from Ohio and Fastbuy is incorporated and has its principal place of business in New Jersey)[1], and (2) the amount in controversy exceeds $75,000 (Plaintiffs' allege injuries including "serious permanent injuries," "extensive medical treatment," "lost wages," "disfigurement," "pain and suffering," and "loss of spousal consortium"). (Not. of Removal ¶¶ 2, 6, 8; Compl. ¶¶ 14, 20, 25, 28, ECF No. 2.) Accordingly, there is no apparent defect indicating that the Court lacks subject matter jurisdiction in this action.

### III. CONCLUSION

At this juncture, remand is inappropriate given the absence of any apparent defect indicating removal of this action was improper or that the Court lacks subject matter jurisdiction. The moving parties may consider at least two options: First, they may refile a motion to remand accompanied with argument and authorities establishing the propriety of remand, or second, the parties may be able to pursue a dismissal of the entire action under Federal Rule of Civil Procedure 41(a) and refile an action in state court. *See Uboh v. United States Equestrian Found.*, 2019 U.S.

---

[1] Defendant BWC, as an arm of the State of Ohio, is not a citizen for diversity purposes. *See Adams v. Frito-Lay, Inc.*, 2020 U.S. Dist. LEXIS 2528, *5-7 (N.D. Ohio Jan. 8, 2020).

Dist. LEXIS 32978, *6-7 (E.D. Ky. Mar. 1, 2019) (discussing parties' options following denial of joint motion to remand where parties neither addressed whether remand was proper nor demonstrated that the court lacked subject matter jurisdiction). The path forward, of course, rests within the purview of the parties. Nevertheless, the Court cannot exercise its discretion to remand this action to the Franklin County Court of Common Pleas simply because the parties prefer the state court forum. Accordingly, the parties Joint Motion to Remand is **DENIED**. (ECF No. 17.)

      This case remains open.

      **IT IS SO ORDERED.**

| | |
|---|---|
| **2/21/2023** | <u>s/Edmund A. Sargus, Jr.</u> |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |