UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CECIL E. HOWELL,** *et al.*,

      **Plaintiffs,**

  v.

**GROUPON, INC.,** *et al.*,

      **Defendants.**

Case No. 2:22-cv-2377
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston Deavers

## ORDER

This matter comes before the Court upon Defendant Fastbuy, Inc.'s Motion for Summary Judgment. (Def. Mot., ECF No. 21.) For the reasons stated below, the Court **DENIES without prejudice** Fastbuy's Motion, **VACATES** the Trial Schedule (ECF No. 24), and **DIRECTS** Plaintiffs to file an Amended Complaint naming the manufacturer and attempt service on the same.

## BACKGROUND

This is a case concerning plaintiff Cecil E. Howell's fall from a telescopic ladder. (*See generally* Compl., ECF No. 2.) Mr. Howell brings claims against Fastbuy for products liability as a manufacturer and supplier liability, and his wife—Mrs. Howell—brings a loss of consortium claim. Plaintiffs also bring a declaratory judgment claim against the State of Ohio, Bureau of Workers' Compensation ("BWC").

Plaintiffs filed their complaint on April 29, 2022, wherein they made clear that they did not know who the manufacturer of the ladder was—merely that Fastbuy was the supplier. (Compl., ECF No. 2.) Fastbuy emailed Plaintiffs' counsel on July 28, 2022, approximately two months after answering the complaint, and informed Plaintiffs' counsel of the name of the manufacturer and that the manufacturer is a Chinese company. (Email to Pl. Counsel, ECF No. 27-1, at PageID

# 238.) Fastbuy stated it would answer any questions Plaintiffs had. (*Id.*) Fastbuy provided this information unsolicited. (Def. Reply, ECF No. 27, at PageID # 229; *see also* Email to Pl. Counsel, ECF No. 27-1, at PageID # 238–240.)

Plaintiffs then served discovery on Fastbuy on January 18, 2023, asking Fastbuy for the name and address of the manufacturer. (Pl. Resp., ECF No. 25, at PageID # 216.) Fastbuy did not respond until April 3, 2023. (*Id.*) Plaintiffs argue that this response was not timely, reasonable, or complete. (*Id.*) According to Plaintiffs, Fastbuy's response did not include the manufacturer's country, street name, street number, or postal code. (*Id.*) Fastbuy's response, however, reiterated the name of the manufacturer, included the city and province, and the name of the Industrial District:

> Yong Kang Hao Ti Dao Gong Mao Ltd.
> Zhiyingshihou Industrial District
> Bixi Norhing No. 8
> Yongkang, Zhejiang Province

(Def. Resp. to Interrogs., ECF No. 27-2, at PageID # 242.) Plaintiffs did not object to Fastbuy's response or indicate that the response was insufficient. (Def. Reply, ECF No. 27, at PageID # 230.)

Fastbuy moved for summary judgment on Plaintiffs' claims. (Def. Mot., ECF No. 21.) Fastbuy argued it is entitled to summary judgment on the basis that it cannot be held liable as the manufacturer, and that the undisputed facts show it cannot be held liable under Ohio's supplier liability statute.[1] (*Id.*)

---

[1] The Court notes that while Fastbuy cites to a deposition of Plaintiff Cecil Howell, the deposition transcript was not filed as an attachment to Fastbuy's Motion. (*See generally* Def. Mot., ECF No. 21.) Accordingly, such evidence is not part of the record before the Court.

2

**ANALYSIS**

Ohio law permits plaintiffs to bring manufacturer liability claims against suppliers in limited situations. In this case, such liability is imposed on suppliers of a product if:

> (1) The Manufacturer of that product is not subject to judicial process in this state; or
>
> . . .
>
> (8) The supplier in question failed to respond timely and reasonably to a written request by or on behalf of the claimant to disclose to the claimant the name and address of the manufacturer of that product.

Ohio Rev. Code Ann. § 2307.78(B)(1), (8).

To establish that a manufacturer of a product is not subject to judicial process in Ohio pursuant to Ohio Rev. Code Ann. § 2307.78(B)(1), a plaintiff must do more than make bare allegations. *Hawkins v. World Factory, Inc.*, 2012-Ohio-4579, ¶ 17 ("In their Complaint, Appellants simply allege the manufacture is not subject to judicial process. We find that statement alone is insufficient to withstand a motion for summary judgment."). Fastbuy argues that *Hawkins* is directly on point here. The Court agrees.

Plaintiffs allege that the alleged manufacturer, Yong Kang, is not subject to judicial process in Ohio. (Pl. Resp., ECF No. 25, at PageID # 217.) Plaintiffs do not demonstrate that they attempted to name the manufacturer to this action and do not provide any evidence that their conclusory allegation is true. (*See id.*) As in *Hawkins*, this conclusory allegation is insufficient to impose manufacturer liability on Fastbuy pursuant to Ohio Rev. Code Ann. § 2307.78(B)(1).

In their response opposing Fastbuy's Motion, Plaintiffs argue that the Court should grant them leave to file an amended complaint that names the manufacturer and allow them to attempt service of the complaint using Fastbuy's allegedly "incomplete" response. (Pl. Resp., ECF No. 25, at PageID # 217.) The Court notes that, while Fastbuy did not include the country of the manufacturer in its discovery response, it had done so nearly nine months prior. Further, Fastbuy

included the company's province, the industrial district, and other information that would reasonably inform Plaintiffs of the manufacturer's address.  Plaintiffs never challenged the sufficiency of Fastbuy's responses, nor did Plaintiffs take advantage of Fastbuy's offer to answer any further questions they might have.

Although Plaintiffs' request is untimely and more aptly made in a motion for leave to amend than in a response in opposition to summary judgment, the Court will provide them with a final opportunity to take steps to determine whether the manufacturer is subject to judicial process in Ohio.  These efforts should have been taken much earlier in this case, prior to the deadline for Joinder of Parties and Motions to Amend, which passed on September 2, 2022.  (Prelim. Pretrial Order, ECF No. 15.)  In the interest of fairness, however, the Court will allow Plaintiffs to name the manufacturer and attempt service.

## CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** Fastbuy's Motion (ECF No. 21), **VACATES** the Trial Order (ECF No. 24), and **DIRECTS** Plaintiffs to file an amended complaint naming the manufacturer of the ladder and attempt to serve process on the manufacturer. Plaintiffs are **DIRECTED** to file their Amended Complaint within fourteen (14) days from the date of this Order and are **FURTHER DIRECTED** to file a Notice with the Court confirming whether service was completed on the manufacturer within sixty (60) days from the date of this Order.

This case remains open.

    **IT IS SO ORDERED.**

**2/9/2024**                                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                                  **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**